MYERS, P.J.,
Dissenting:
¶ 22. The majority reverses and renders the chancellor’s judgment requiring Julius Williams II to assign survivor benefits of his military retirement to Barbara Williams and remands on the issue of attorney’s fees. Because I would affirm the chancellor’s decisions on both issues, I respectfully dissent.
¶ 23. Julius and Barbara entered into an irreconcilable differences divorce on March 29, 2006, ending thirty-two years of marriage. Two weeks after the entry of the divorce, Julius remarried, and about a year later, he retired from military service.
¶ 24. The property settlement agreement provided that Barbara would receive fifty percent of Julius’s military retirement. It did not state, however, how the military retirement would be administered. At issue here is the assignment of survivor benefits; when Julius retired, his military retirement could be structured in one of three ways:
(1) Decline the survivor’s benefit, and retirement benefits would cease immediately upon his death;
(2) Assign the survivor benefits to his former spouse, where, upon Julius’s death, Barbara would receive fifty-five percent of the total retirement benefit for the remainder of her life; or
(3) Assign the survivor benefits to his present wife. After Julius’s death, she would receive the survivor’s benefit for the remainder of her life, but payments to Barbara would cease immediately.
When he retired, Julius assigned the survivor benefits to his new wife. Barbara brought suit to clarify the judgment of divorce, arguing that she should receive the survivor benefits. The chancellor agreed, and he ordered Julius to designate Barbara to receive the military survivor benefits upon his death.
¶ 25. The majority reverses and renders on this issue. It goes without saying that this result is inequitable, but the majority grounds its decision in law, taking this as a matter of contract interpretation. It concludes that the property settlement agreement did not expressly provide for Barbara to receive the survivor benefits on the military retirement and that she was, therefore, not entitled to receive it. Although I agree with the majority that this case hinges on what is essentially a matter of contract interpretation, I cannot join its decision for reasons I shall outline below.
¶ 26. Specifically, the majority relies on the provision in the property settlement agreement that states in pertinent part that “the Wife is to have all survivors’ benefits otherwise accorded to her by law....” The majority reasons that, because Julius was not required “by law” to provide survivor benefits under the mili *1204 tary retirement to Barbara, the chancellor erred in interpreting an unambiguous provision of the agreement.
¶ 27. This reasoning, however, is fundamentally flawed. Even if we assume that Barbara is not accorded the survivor benefits “by law,” the clause relied upon by the majority is not exclusive; it does not say that Barbara shall receive only those survivor benefits accorded to her by law. Instead, it states that Barbara shall receive those benefits she would be “otherwise accorded” — essentially, the provision provides that Barbara did not surrender her rights. This clause, therefore, does not preclude the chancellor from finding that the survivor benefits should be included in the military retirement benefit Barbara was awarded.
¶ 28. Additionally, I am not convinced by the majority’s interpretation of the clause, specifically, the meaning of the words “by law.” The majority implicitly concludes that this refers to the policies of the military retirement program, which are outlined in the United States Code, as it applied at the time of Julius’s retirement. This is not the only conclusion the majority could have reached, however; the chancellor found that the “law” referred to in the agreement was Mississippi law, and that the operative time was the time of the divorce. The chancellor therefore concluded that Barbara was entitled, “by law,” to a share of the military retirement, including the survivor benefits, as marital property in equitable division of the marital estate. At the very least this provision is ambiguous, and the chancellor did not err in resolving it equitably.[1]
¶ 29. I would find, however, that no ambiguity exists. This is because the clause at issue also contains an illustration, which states: “the Wife is to have all survivors’ benefits otherwise accorded to her by law including, but not limited to ... Husband’s survivor annuity, upon his death from Civil Service Retirement System.” Clearly, the parties understood that the survivor annuity from the civil service retirement must be accorded to the wife “by law.”
¶ 30. It is apparent to me that the civil service retirement’s survivor annuity operates, in all material respects, exactly like the military retirement’s survivor benefits at issue — it would cease on Julius’s death, and the survivor annuity is not automatically conferred on a former spouse. See 5 U.S.C. § 8341(h)(1) (2006). Like the military retirement, coverage of a former spouse requires express election or a court order. See id. Under the majority’s interpretation, Barbara would not be entitled “by law” to the civil service survivor annuity when Julius retires from the civil service, yet the property settlement expressly provides that she is. I can only conclude that the chancellor got it right, and the majority errs.
¶ 31. As I would affirm the chancellor’s decision, I would also affirm the chancellor’s award of attorney’s fees in its entirety. Accordingly, I respectfully dissent.
KING, C.J., JOINS THIS OPINION. IRVING AND GRIFFIS, JJ., JOIN THIS OPINION IN PART.

. I also note that Julius drafted the property settlement agreement at issue.